UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANNIE SAXON, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-07-1221 |
| § | |
| JUDGE RUSSELL AUSTIN and § | |
| FRANK SAXON, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court are the Motions to Dismiss filed by Defendants Judge Russell Austin and Frank Saxon. After considering the parties' filings and the applicable law, the Court finds that the motions, Docket Nos. 6 and 9, should be and hereby are **GRANTED.**

## I.   BACKGROUND

This suit arises from estate proceedings filed in state probate court. Plaintiff Dannie Saxon is one of the surviving heirs of his mother, Carrie Saxon, who died in September 2006.[1] Defendant Frank Saxon is Ms. Saxon's oldest heir and Plaintiff's older brother. Defendant Judge Russell Austin is the state probate judge presiding over settlement of the estate.

After Ms. Saxon's death, Defendant Frank Saxon filed an application for letters of administration regarding his mother's estate (essentially consisting of a Houston residence) in Harris County Probate Court No. 1.[2] Plaintiff had apparently been living in the residence for many years. Defendant Saxon was appointed administrator of the estate

---

[1] Because Plaintiff's Complaint alleges few specific facts regarding his case, the Court has culled much of the factual background from Defendants' motions. There does not appear to be any controversy over the basic sequence of events and procedural history.

[2] The underlying probate case is presently pending under the caption *In re Estate of Carrie B. Saxon, Deceased* and Cause Number 367,441.

on November 1, 2006, after proper notice to all heirs, including Plaintiff, had been issued. In January 2007, the probate court approved Defendant Saxon's application for sale of real estate (the residence). Notice of Defendant Saxon's motion for sale appears to have been sent to Plaintiff by certified mail, although it is unclear whether he actually received and viewed the notice. On March 29, 2007, the probate court signed a turnover order, attached as Exhibit 3 to Defendant Saxon's motion, instructing Plaintiff to vacate the residence.

Plaintiff seeks to stay both the sale of the home and his eviction until a further hearing can be held. Plaintiff states that he never received notice of "the hearing," although it is not clear from the Complaint to which hearing Plaintiff refers, and that at least some of the probate proceedings occurred while he was detained in jail. The Complaint suggests misconduct on the part of Defendant Frank Saxon (*e.g.*, confiscating Ms. Saxon's car), and alleges that Defendant Austin discriminated against him and other heirs. Defendants Austin and Saxon now move to dismiss Plaintiff's claims.

## II.    ANALYSIS

Defendants Austin and Saxon both move to dismiss on the ground that the Court has no subject-matter jurisdiction in this case. FED. R. CIV. P. 12(b)(1) (2006). The Court agrees that it lacks jurisdiction to alter the probate court rulings of which Plaintiff complains, relating to the sale of Ms. Saxon's estate and Plaintiff's eviction therefrom.

In general, "a federal court 'has no jurisdiction to probate a will or administer an estate.'" *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). Federal courts in equity may have jurisdiction over certain matters, "so long as the federal court does not interfere with the probate

proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court." *Id.*  A court must consider "whether the plaintiff's claim implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties." *Id.* (internal quotation marks omitted).

In the instant case, Plaintiff's claims clearly implicate the validity of the proceedings below, and any ruling by this Court regarding the sale of the estate or the turnover order would significantly interfere with the pending probate court proceedings. Even if it were true that Plaintiff did not receive adequate notice of certain hearings, his proper recourse is a state court appeal, which Plaintiff does not appear to have pursued. Therefore, the Court finds that it has no jurisdiction to review the rulings of the probate court in this case.

The Court also lacks jurisdiction over Plaintiff's claim, which shall be construed as a claim under 42 U.S.C. § 1983, that Defendant Austin discriminated against him while presiding over settlement of Ms. Saxon's estate.  Plaintiff's conclusory allegation against Defendant Austin functions essentially as a collateral attack on his probate court rulings, and "[t]he federal courts have no subject-matter jurisdiction to review the state-court judgment in this manner . . ." *Phinizy v. State of Alabama*, 847 F.2d 282 (5th Cir. 1988).  Again, "Plaintiff's proper course of action is to appeal the [probate court's] ruling through the Texas state appellate courts to the United States Supreme Court." *See id.* at 284.  While the Court sympathizes with Plaintiff's difficult circumstances, it simply does not have the power to grant the relief sought in this case.[3]

---

[3] In the alternative, Plaintiff has failed to plead any facts to support his allegation of discrimination, or even to describe his supposed oppression by Defendant Austin.  *See, e.g.*, *Chiras v. Miller*, 432 F.3d 606, 611

### III.   CONCLUSION

The Motions to Dismiss filed by Defendants Austin and Saxon are **GRANTED.** Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 4th day of June, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

(5th Cir. 2005) ("To avoid dismissal, however, a plaintiff must plead specific facts, rather than conclusory allegations.").